IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:08CV-28 |
| ) | Judge Echols |
| ) | Jury Demand |
| BOSTON SCIENTIFIC CORPORATION and ) | |
| ABBOTT LABORATORIES, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' NOTICE OF NON-RESPONSE AND MOTION TO DISMISS

Defendants Boston Scientific Laboratories and Abbott Laboratories ("Abbott"), pursuant to Rules 41 and/or 56 of the Federal Rules of Civil Procedure, hereby move this Court for an order granting their motion for summary judgment and/or dismissing Plaintiff's claims against them based on Plaintiff's failure to file a response to Defendants' properly supported motion and failure to comply with the Court's recent order setting pretrial deadlines.

### I.  PROCEDURAL HISTORY

On May 27, 2008, Abbott served interrogatories, requests for production of documents, and requests for admission on Plaintiff James Young by United States mail at the address listed on Plaintiff's complaint. On July 16, 2008, Defendants filed a motion for summary judgment and supporting materials, based on a release executed by Plaintiff that Defendants contend bar his current claims.

As of late July 2008, Plaintiff had not served responses to Abbott's discovery requests. Because the discovery deadline originally set by the Court was August 11, 2008, Abbott moved the Court for an extension of that deadline on July 29, 2008, so that it could receive Plaintiff's discovery responses and set Plaintiff's depositions in an orderly fashion thereafter without violating the discovery deadline.

On August 6, 2008, Plaintiff James Young and counsel for Defendants participated in a conference call with Magistrate Judge Bryant to address Abbott's motion for an enlargement of time. On August 7, 2008, an order was entered directing Plaintiff to serve discovery responses and his response to Defendants' motion for summary judgment by September 2, 2008. As of the date of this filing on September 22, 2008, Plaintiff had failed to serve either.

## II. ARGUMENT

### A. Defendants Request That Their Motion For Summary Judgment Be Granted For The Reasons Outlined In the Motion and Because of Plaintiff's Failure To Respond.

Defendants are entitled to judgment as a matter of law. As stated in their pending motion for summary judgment, Plaintiff's failure to timely respond to Abbott's requests for admission, or offer a compelling reason for his failure, means that the Court must accept the admissions as admitted pursuant to Fed. R. Civ. P. 36(a)(3). Because the requests for admission are deemed admitted, it is conclusively established that Plaintiff received payment for executing a Settlement and Release and released all known and unknown claims related to the surgical procedure at issue in this case, and that the Release applied to all unknown or unanticipated damages. Plaintiff's claims in this action, therefore, are barred by the Release, and Defendants are entitled to summary judgment.

Furthermore, Plaintiff has had more than adequate time to respond to both the requests for admission and to Defendants' summary judgment motion and has done neither. Defendants request, therefore, that their motion be granted without further delay.

### B. Plaintiff's Claims Should Be Dismissed For Failure To Prosecute Based On His Failure to Comply With The Court's August 7 Order.

Additionally, at this stage of the litigation, it is appropriate to dismiss Plaintiff's claims for failure to prosecute. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Here, Plaintiff did not file a response to Defendants' motion for summary judgment and did not serve discovery responses on September 2, 2008 as ordered by the Court. This deadline was specifically discussed during the Magistrate Judge's conference call with Plaintiff and Defendants' counsel on August 6, 2008, and Plaintiff was put on notice that, because he filed this lawsuit, he was under an obligation to prosecute it. Because Plaintiff has failed to take any action in prosecuting the lawsuit, including complying with the Court-imposed deadlines, Plaintiff's claims against Defenants should be dismissed.

### III. CONCLUSION

For the foregoing reasons, Abbott respectfully requests that the Court enter an order granting Defendants' motion for summary judgment and/or dismissing Plaintiff's claims for failure to prosecute.

DATED this 22nd day of September, 2008.

3

N LMW2 670751 v1
2139310-000084 9/21/2008

Case 2:08-cv-00028    Document 23    Filed 09/22/08    Page 3 of 5 PageID #: 108

Respectfully submitted,

s/Brigid M. Carpenter
BRIGID M. CARPENTER (TN B.P.R. No. 18134)
bcarpenter@bakerdonelson.com

LAURA M. WILLIAMS (TN B.P.R. No. 26665)
lwilliams@bakerdonelson.com

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
211 Commerce Street, Suite 1000
Nashville, Tennessee 37201
(615) 726-5600 – telephone
(615) 744-7341 – facsimile

*Attorneys for Defendant Abbott Laboratories*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been served upon the parties and counsel of interest in this case, by electronic notification through the ECF system or by placing a copy in the United States mail, first-class postage prepaid.

| | |
|---|---|
| James Young | Lauren Paxton Roberts |
| 380 Peach Orchard Road | STITES & HARBISON, PLLC |
| Cookeville, TN 38501 | 401 Commerce Street, Suite 800 |
| (931) 349-2380 | Nashville, TN 37219-2376 |
| | (615) 782-2200 |

John L. Tate
STITES & HARBISON, PLLC
400 West Main Street, Suite 1800
Louisville, KY 40202-3352
(502) 681-0460

This the 22nd day of September, 2008.

s/Brigid M. Carpenter
Brigid M. Carpenter

4