IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JAMES YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 2:08-0028 |
| v. ) | Judge Echols/Bryant |
| ) | **Jury Demand** |
| BOSTON SCIENTIFIC CORPORATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Robert L. Echols**

### REPORT AND RECOMMENDATION

Pending is defendants' motion for summary judgment (Docket Entry No. 12) and defendants' motion to dismiss (Docket Entry No. 23). Plaintiff has filed no response in opposition to either motion.

These dispositive motions have been referred to the undersigned Magistrate Judge for report and recommendation (Docket Entry No. 7).

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that these motions be granted and that the complaint be dismissed with prejudice.

### Statement of the Case

In this civil action removed to this court from the Circuit Court of Putnam County, Tennessee, plaintiff James Young, proceeding pro se, seeks money damages for a myocardial infarction that he claims resulted from the collapse of a cardiac stent that was allegedly defectively designed and/or manufactured by Guidant Corporation. Plaintiff asserts that defendants or, alternatively,

one of them, thereafter acquired the assets and liabilities of Guidant Corporation through corporate merger (Docket Entry No. 1-1).

Defendants filed answers denying liability (Docket Entry Nos. 4 and 6). Defendant Abbott Laboratories, among its affirmative defenses, asserts a prior settlement and release of all claims by plaintiff in an earlier lawsuit arising from the same procedure (Docket Entry No. 6, p. 2).

Both defendants filed their motion for summary judgment. Plaintiff has not responded in opposition.

Defendants thereafter filed their motion to dismiss (Docket Entry No. 23), which seeks dismissal of the complaint on the grounds that plaintiff failed to serve responses to defendants' written discovery by the September 2, 2008 deadline ordered by the court (Docket Entry No. 22), and that plaintiff failed to respond to defendants' motion for summary judgment.

On October 16, 2008, the undersigned Magistrate Judge entered an order requiring plaintiff to show cause on or before October 30, 2008, why defendants' motion for summary judgment should not be granted (Docket Entry No. 24). This order expressly warned plaintiff that his failure to respond may cause the undersigned Magistrate Judge to recommend that his complaint be dismissed. Despite this order, plaintiff has filed no response.

## Analysis

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

2

that the movant is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure.  The moving party bears the initial burden of showing that no genuine issues of material fact remain in dispute.  <u>Nat'l Solid Wastes Mgmt. Ass'n v. Voinovich</u>, 959 F.2d 590, 592 (6th Cir. 1992).

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Rule 56(e)(2), Federal Rules of Civil Procedure.

In reviewing the record, all justifiable inferences should be drawn in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 577 (1986).

As grounds for their motion for summary judgment, defendants assert that when defendant Boston Scientific Corporation acquired Guidant Corporation in 2006, it did not acquire Guidant's vascular intervention and endovascular solutions business (Docket Entry No. 13, p. 3; Docket Entry No. 15, p. 2).  Instead, defendant Abbott Laboratories acquired this portion of Guidant's business, including liabilities and potential liabilities arising from Guidant's design and manufacture of the cardiac stent giving rise to plaintiff's complaint.  Therefore, it appears undisputed in this record that defendant Boston Scientific Corporation never acquired

3

liability for the Guidant stent involved in this case and, accordingly, that the complaint against defendant Boston Scientific Corporation should be dismissed.

Defendant Abbott Laboratories acknowledges that it, and not defendant Boston Scientific Corporation, acquired from Guidant Corporation the potential liability for the cardiac stent involved in this action (Docket Entry No. 13, p. 3; Docket Entry No. 15, p. 2). However, defendant Abbott Laboratories asserts that plaintiff has settled and released his claims against it in the course of settling a prior lawsuit. Specifically, defendant asserts that on January 22, 2004, in the case of <u>James Young v. Perclose, Inc. and Abbott Laboratories, Inc.</u>, No. 3532 in the Circuit Court for Haywood County, Tennessee, plaintiff signed a Settlement Agreement and Release relating to a surgical procedure, presumably for the placement of the subject stent, that occurred on October 25, 2000. Plaintiff in this action asserts that the subject cardiac stent "collapsed" in 2007 and that he was first informed that the stent had "malfunctioned" after February 11, 2007 (Docket Entry No. 1-1, p. 10).

Following the filing of the present action, defendant Abbott Laboratories on May 27, 2008, served a set of requests for admissions on plaintiff (Docket Entry No. 17). In these requests, plaintiff was asked to admit, among other things:

> 1. that he had signed the Settlement Agreement and Release;

4

>     2. that, by signing, he had agreed that his settlement was "a full and final Release applying to all unknown and unanticipated damages arising out of said event, as well as those now known or disclosed;"
>
>     3. that, by signing, he had agreed that his settlement and release "shall apply to any new and different damages which may manifest themselves in the future as a proximate result of said event, and as to which he, his successors, heirs or representatives are presently without knowledge, and in the same manner as it applies to damages presently known;" and
>
>     4. that Abbott Laboratories paid him the consideration agreed in the Settlement Agreement and Release.

(Docket Entry No. 17). Plaintiff failed to serve any responses to these requests for admissions.

Rule 36 of the Federal Rules of Civil Procedure governs requests for admissions and provides that unless a party responds to a request for admission within thirty days, "a matter is admitted."[1] Plaintiff has failed to respond to these requests for admissions, now served over six months ago, and he has offered no explanation for his failure to do so. Given this failure and the apparent absence of any compelling explanation for it, the court must accept the admissions as true for purposes of defendants' motion for summary judgment. See, e.g., Jenkins v. Ryan's Family Steakhouse, 2006 WL 2559529 at *3 (M.D. Tenn. Aug. 31, 2006); SEC

---

[1] Rule 36(a)(3) provides that the 30-day period for responding to a request for admission may be shortened or lengthened by stipulation of the parties or order of the court. On August 7, 2008, the undersigned entered an order extending until September 2, 2008, the period within which plaintiff must respond to these requests for admissions, which were served on May 27, 2008 (Docket Entry Nos. 17 and 22).

5

v. Dynasty Fund, Ltd., 121 Fed. Appx. 410, 411 (2d Cir. 2005); Haun v. Humana, Inc., 651 F.Supp.2d 120, 122 (W.D. Ky. 1986). Accordingly, the undersigned Magistrate Judge finds that plaintiff's claims against defendant Abbott Laboratories were released and discharged under the terms of the Settlement Agreement and Release dated January 22,2004, and, therefore, that this defendant's motion for summary judgment should be granted.

If the District Judge accepts this report and recommendation, defendants' motion to dismiss (Docket Entry No. 23) should be terminated as moot. In the alternative, if the District Judge rejects this report and recommendation with respect to defendants' motion for summary judgment, the undersigned finds that plaintiff's complaint should be dismissed for his failure to serve responses to defendants' written discovery as ordered by the court on August 7, 2008 (Docket Entry No. 22) and his failure to prosecute this case.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that defendants' motion for summary judgment be **GRANTED** and that the complaint be **DISMISSED** with prejudice. Alternatively, the undersigned **RECOMMENDS** that defendants' motion to dismiss be **GRANTED** and the complaint be **DISMISSED** without prejudice.

6

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of December 2008.

<u>s/ John S. Bryant</u>
JOHN S. BRYANT
United States Magistrate Judge
